## DELAHOUSSAYE vs. JUDICE.

APPEAL from the court of probates of the parish of St. Martin.

MATTHEWS, J. delivered the opinion of the court. The object of the present action is to recover sums of money, which the plaintiff claims as a creditor of the succession of her late husband. The petition contains an allegation, that a certain instrument, made by the plain-

*Margin note: Western Dist. Sept 1827. M'MICKEN vs. BRENT.*

*Margin note: A judgment does not give to the plaintiff the plea rei judicatœ, as to a claim of the defendant against the plaintiff, existing before the judgment, when the claim was not pleaded in compensation Every act, in which the word donation is used, is not necessarily a donation.*

WesternDist.
*Sept.* 1827.

DELHOUS-
SAYE
*vs.*
JUDICE.

tiff, under private signature, and purporting to be a donation of $901, is absolutely void in law, &c.

The judge of the court below, after liquidation of the accounts of the parties to the suit, rendered judgment in favor of the plaintiff for $552, from which the defendant appealed.

The pleadings and evidence of the cause shew, that a suit had existed in the district court, commenced by the present defendant, against the plaintiff, which was prosecuted to final judgment; in which, the counsel for the defendant in this action insists, that all the matters now in dispute, were finally settled. the ground on which they rely for this plea *rei judicatae* is, that, the cause of action now set forth existed at the time of the former suit. It does not appear that they were pleaded in compensation or in any other manner; the defendant in the former suit might have thus pleaded, and had he done so, the judgment pronounced by the district court, would probably have precluded the present pursuit. But as they were not taken into consideration in that judgment, it creates no bar to this demand.

The nullity of the act, purporting to be a do-

nation to the pupil and daughter of the appel- WesternDist
lant, is strenuously contended for; and in sup-
port of his positions, the counsel refers us con-
fidently, to the text of the law on the subject of
donations, and several commentators.    These
authorities, it is believed, would maintain the
plaintiff in his pretentions, were the instrument
to be considered absolutely as a donation: al-
though the word *donation* is used in the act,
yet taken according to the evident intentions of
of the party, as reciprocally expressed by the
whole context of the instrument, we are of opi-
nion that it evidences a compromise of difficul-
ties, and mutual releases.    The judge *a quo* in
deciding the cause, properly recognised the va-
lidity of this act.

*Sept,* 1827,

DELAHOUS-
SAYE
*vs.*
JUDICE.

It is therefore ordered, &c. that the judg-
ment of the court of probates be affirmed, with
costs.

*Simon* for the plaintiff, *Baker* for the de-
fendant.